**Yu Zhao LIU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto**

Gonzales,* Respondents.

No. 04–2698–AG NAC.

United States Court of Appeals,
Second Circuit.

Jan. 4, 2006.

_____

Dehai Zhang, Queens, New York, for Petitioner.

Susan L.S. Ernst, Assistant United States Attorney (Richard B. Roper, United States Attorney for the District of Texas, on the brief), Dallas, Texas, for Respondent.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Yu Zhao Liu ("Liu"), through counsel, petitions for review of an order of the BIA affirming the decision of an immigration judge ("IJ") ordering his removal to China and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

Where the BIA adopts and summarily affirms a decision of an IJ, we review the decision of the IJ directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review an IJ's credibility determination under the "substantial evidence standard," *see id.* at 307, wherein "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8.U.S.C. § 1252(b)(4)(B). Where an adverse credibility finding is based on specific examples in the record of "inconsistent statements by the asylum applicant about matters material to his claim of persecution ... a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004).

Gonzales is automatically substituted for former Attorney General John Ashcroft.

The IJ cited specific, cogent reasons for finding Liu's testimony incredible, including Liu's use of a fraudulent certificate submitted to prove a central element of his persecution claim, which indicated that he had been arrested and fined in June 1999, directly contradicting his hearing testimony that such events had occurred in 2000, and Liu's failure to explain reasonably how he obtained the fraudulent certificate. We conclude that the IJ's adverse credibility finding is supported by substantial evidence and that Liu failed to satisfy his burden of proving his entitlement to asylum. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam).

Further, because Liu failed to raise his withholding of removal and CAT claims before the BIA, we do not have jurisdiction to address those claims. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004); *cf. Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (distinguishing subsidiary legal arguments, which do not implicate the statutory exhaustion requirement, from issues and categories of relief, which do).

For these reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.